# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) | |
| NEW PRIME, INC., and ROBERTO ALONZO | ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, FEDERAL INSURANCE COMPANY, a corporation (hereinafter, "Federal"), and files this, its Complaint for Declaratory Judgment against Defendants New Prime, Inc. ("New Prime") and Roberto Alonzo ("Alonzo"), as follows:

## NATURE OF THE ACTION

1. The dispute in this action involves a claim for indemnity arising out of a personal injury cause of action that went to verdict in matter captioned, *Christine John and Christopher Lewis v. New Prime, Inc. and Roberto Alonzo*, Cause no. 2014-44841, and pending in the 129th District Court of Harris County, Texas (the "Underlying Action").

2. The Underlying Action was tried to a jury verdict on September 30, 2019, and a Final Judgment was entered against Defendants on November 11, 2019[1] for $12,450,000 plus costs, and pre- and post-judgment interest (the "Judgment").

3. Defendants did not provide notice of this matter until after the entry of the verdict.

4. Accordingly, Federal seeks a declaration that it has no duty to indemnify Defendants for the amount of the Judgment.

---

[1] The verdict and other rulings are being appealed by New Prime and Alonzo.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Federal is an Indiana corporation and is authorized to conduct business in Texas.

6. Defendant New Prime is believed to be a Nebraska corporation, with its principal place of business in Missouri, which may be served with citation and/or summons by service at 2740 N Mayfair, Springfield, Missouri 65803.

7. Defendant Alonzo is believed to be a Texas citizen and resident of Hidalgo County, who may be served with citation and/or summons by service at 219 Constellation Drive, Pharr, Texas 78577.

8. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

9. Venue is properly placed in this District and Division under 28 U.S.C. § 1391 as the Underlying Action was venued in the County of Harris because a substantial part of the events or omissions giving rise to the claim occurred in the County of Harris.

## BACKGROUND AND FACTS

10. Federal brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

11. The Underlying Action was filed against Defendants on August 5, 2014 by Christine John and Christopher Lewis following a September 21, 2012 motor vehicle accident that occurred in Harris County. Plaintiffs John and Lewis allege that they were injured when their vehicle collided with a 18-wheeler truck with semi-trailer owned by New Prime and operated by Defendant Alonzo, who was alleged to be in the course and scope of his employment with New Prime. Plaintiffs made claims of negligence, negligence per se, vicarious liability, negligent entrustment and negligent hiring, supervision, training and retention against Defendants.

12. On January 1, 2019, New Prime and Alonzo received a $6,000,000 demand to settle all claims against them.

13. The demand was never tendered to Federal even though it exceeded the underlying limits below the Federal policy.

14. The demand came after Defendants rejected demands to settle during failed mediations in 2015 (where in a demand to settle for $2.2M was made) and again in August of 2017 (where in a demand to settle for $2.1M was made).

15. Prior to trial, Defendants admitted to negligence. Defendants also admitted that Alonzo acted in the course and scope of his employment with New Prime, even though Alonzo testified in his deposition that he leased the vehicle from New Prime and was unsure if he was an independent contractor. These admissions deprived Federal from participating in trial strategy or decision-making.

16. During the course of the trial, New Prime and Alonzo received adverse rulings on the admission of certain evidence and issues of recklessness that could have impacted damages. Defendants did not notify Federal about these developments which could have impacted their policy.

17. Those claims were tried to a jury, beginning September 24, 2019, resulting in a jury verdict on September 30, 2019, in favor of John and Lewis. A copy of this judgment is attached as Exhibit A. Based on that jury verdict, the Judgment was rendered in favor of John and Lewis in the amount of $12,450,000, plus costs and interest. A copy of this judgment is attached as Exhibit B. As Exhibit B reflects, Defendants were found jointly and severally liable to John and Lewis.

18. New Prime provided first notice of the accident, claim, Underlying Action and Judgment to Federal on October 2, 2019.

19. Alonzo has not tendered nor provided any direct notice of the Underlying Action, demands or verdict to Federal.

## FEDERAL POLICY

20. Federal issued a Commercial Excess Follow-Form Insurance Policy, bearing No. 7946-54-89 to named insured "New Prime, Inc. d/b/a Prime, Inc." for the policy period of April 15, 2012 through April 15, 2013 (the "Federal Policy"). A true and correct copy of the Policy is

attached as Exhibit C.

21. Subject to its terms, conditions and exclusions, the Federal Policy provides insurance coverage in the aggregate amount of $3,000,000 excess to both a self-insured retention of $3,000,000 and a policy issued by RLI Insurance with limits of liability of $2,000,000. RLI Policy no. LET0010121 is the scheduled Controlling Underlying Insurance to the Federal Policy (the "RLI Policy").

22. The Federal Policy provides in relevant part:

*Coverage/Excess Follow-Form*   Subject to all of the terms and conditions applicable to this insurance, we will pay, on behalf of **the insured, that part of loss, to which this insurance applies, which exceeds the applicable underlying limits.**

This insurance applies only if the triggering event that must happen during the policy period of the applicable **controlling underlying insurance** happens during the policy period of this insurance.

This insurance will follow the terms and conditions of **controlling underlying insurance**, unless a term or condition contained in this insurance:

- differs from any term or condition contained in the **applicable controlling underlying insurance**; or

- is not contained in the **applicable controlling underlying insurance**.

With respect to such exceptions described above, the terms and conditions contained in this insurance will apply, to the extent such terms and conditions provide less coverage than the terms and conditions of the **applicable controlling underlying insurance**.

\* \* \*

*Who Is An Insured*   The following persons or organizations qualify as insureds:

- the named ins red shown in the Declarations; and
- other persons or organizations qualifying as an insured in controlling underlying insurance, but

4836-2914-9404.1

|  |  |
|---|---|
| | not beyond the extent of any limitations imposed under any contract or agreement. |
| *Conditions* | With respect to this insurance, the following conditions apply. |

\* \* \*

|  |  |
|---|---|
| *Compliance By Insureds* | We have no duty to provide coverage under this policy unless you and any other involved **insured** have fully complied with all of the terms and conditions of the policy. |

\* \* \*

*Duties in the Event of Occurrence, Offense, Claim or Suit*

A. You must see to it that we and any insurers of **underlying insurance** are notified as soon as practicable of any occurrence or offense that may result in a claim, if the claim may involve us or any other insurers…

\* \* \*

B. If a claim is made or suit is brought against any **insured**, you must:

  1. immediately record the specifics of the claim or suit and the date received

  2. notify us and any other insurers as soon as practicable; and

  3. see to it that we receive written notice of the claim or suit as soon as practicable.

C. You and any other involved **insured** must:

  1. immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

  2. authorize us to obtain records and other information;

\* \* \*

> H. If a claim or loss does not reasonably appear to involve either this insurance or any **underlying insurance**, but it later develops into a claim or loss to which this insurance applies, the failure to report it to us will not violate this condition, provided the **insured** gives us immediate notice as soon as the **insured** is aware that this insurance may apply to such claim or loss.

23. The RLI policy, a copy of which is attached as Exhibit D, defines an Insured as "the lessor of a 'covered vehicle' that is not a trailer or any employee, agent or driver of the lessor while the 'covered vehicle' is leased to 'you' under a written agreement, but only when the leased 'covered vehicle' is used in the business of your 'trucking operations'."

24. Due to the Defendants' failure to comply with the terms and conditions in the Federal Policy by providing notice, Federal seeks a declaration that it has no duty to indemnify any party for the Judgment.

## NO DUTY TO INDEMNIFY DUE TO LACK OF NOTICE

25. Under Texas law, an insurer prevails on a coverage defense based upon an insured's failure to timely afford notice of a claim when it can show that it was prejudiced by the lack of timely notice.

26. Here it is undisputed that Defendants failed to provide notice of the claim and Underlying Action until after the Judgment was rendered.

27. Defendants' failure to provide notice voids coverage under the Federal Policy, and Federal therefore has no duty to indemnify Defendants for the Judgment rendered in the Underlying Action.

## NO DUTY TO INDEMNIFY DEFENDANT ALONZO

28. The Federal Policy defines "Who is an Insured" to include the Named Insured, New Prime, Inc. and any person qualifying as an insured in the controlling underlying insurance, which is the RLI Policy. While the RLI Policy does extend coverage to the driver of a covered vehicle leased to New Prime, to qualify as an Insured, the leased vehicle must be "used in the business" of New Prime's trucking operations. Here, there is no evidence to the nature or extent of the

relationship between New Prime and Alonzo.

29. Even if Alonzo qualified as an Insured, he has failed to provide notice *<u>at any time</u>* of the Underlying Action.

30. Alonzo's failure to provide notice voids coverage under the Federal Policy, and Federal has no duty to indemnify Alonzo for the Judgment rendered in the Underlying Action.

## CLAIM FOR RELIEF

### (Declaratory Relief - No Duty to Indemnify)

31. Defendants' failure to provide notice of the Underlying Action until after the Judgment was rendered is fatal to any claim for indemnification of the Judgment, and Federal has no duty to indemnify Defendants for the Judgment rendered in the Underlying Action.

32. Upon information and belief, Defendants dispute the contentions of Federal as set forth herein or contend otherwise.

33. A judicial determination of the rights and duties of the parties under the Federal Policy with respect to the indemnification of the Judgment rendered in the Underlying Action is necessary and proper.

WHEREFORE, Plaintiff, FEDERAL INSURANCE COMPANY, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, New Prime, Inc. and Roberto Alonzo, finding:

A. Federal has no duty to indemnify Defendants in connection with the Judgment.

B. Federal has no liability of any kind to Defendants under the Federal Policy in connection with the Underlying Action.

C. Federal be awarded its costs of court; and

D. Federal be awarded such other and further relief to which it may be entitled, at law or at equity

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH

*/s/ Sarah R. Smith*

Sarah R. Smith
Texas Bar No: 24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
Sarah.Smith@lewisbrisbois.com

ATTORNEYS FOR PLAINTIFF,
FEDERAL INSURANCE COMPANY